# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT HAUSERMAN,

    *Plaintiff,*

v.

AJ FREIGHT SYSTEMS, INC.; DD LOGISTICS, INC.; CURTIS JOHNSON; AND NATIONAL CONTINENTAL INSURANCE,

    *Defendant.*

Case No. 17-1053-EFM-GLR

## MEMORANDUM AND ORDER

Plaintiff Robert Hauserman filed an action against Defendants under theories of negligence and vicarious liability. Hauserman alleges Curtis Johnson injured Hauserman while operating his truck under the employment of AJ Freight Systems, Inc. and/or DD Logistics, Inc. Hauserman further claims National Continental Insurance Co. ("NCIC") is the insurance carrier for AJ Freight and is therefore liable under K.S.A § 66-1,128. Before the Court is NCIC's Motion to Dismiss (Doc. 11). For reasons explained below, the Court grants Defendant's motion.

## I. Factual and Procedural Background[1]

On November 14, 2015, Hauserman worked on his employer's dock to unload an AJ Freight semi-trailer truck driven by Johnson. Johnson backed the truck into the dock and stopped. Hauserman stepped into the trailer and began unloading it. During the unloading process, Johnson pulled away from the dock. Hauserman fell to the ground behind the truck. Subsequently, Johnson reversed the truck, pinning Hauserman between the trailer and the dock. That night, Hauserman went to the hospital for injuries related to the accident.

Hauserman brought suit on February 28, 2017, alleging Johnson's negligence caused his injuries, and AJ Freight and DD Logistics are vicariously liable. Hauserman also alleges AJ Freight and DD Logistics are liable for negligently hiring and training Johnson. In his complaint, Hauserman claims diversity of citizenship jurisdiction. Hauserman provides he is a citizen of Kansas, and AJ Freight and DD Logistics are corporations incorporated in Illinois, and NCIC is domiciled in New York, while Johnson's citizenship is unknown.

On May 8, 2017, NCIC filed this Rule 12(b)(6) motion, seeking dismissal of the case against it. NCIC argues that Hauserman failed to allege the filing and approval of a liability insurance policy with the Kansas Corporation Commission ("KCC"). Therefore, under Kansas case law, Hauserman has not pleaded facts sufficient for the Court to infer liability. The Court agrees.

---

[1] The facts are taken from Hauserman's complaint and are accepted as true for the purposes of this ruling.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss a claim for which a plaintiff "fails to state a claim upon which relief can be granted."[2] A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.' "[3] A claim is facially plausible if the Court can reasonably infer the defendant is liable from the facts pleaded.[4] The plausibility standard reflects the Rule 8 requirement that pleadings must provide defendants with fair notice of the claims, as well as the grounds upon which the claims rest.[5] The Court accepts all factual allegations in the complaint as true and views them in a light most favorable to the plaintiff.[6] The Court, however, does not apply the same standard to conclusory allegations or legal conclusions.[7]

## III. Discussion

In its motion, NCIC asserts Hauserman failed to allege NCIC is liable under K.S.A. § 66-1,128 because his complaint failed to satisfy the conditions for a cause of action laid out by the Kansas courts. In the relevant portion, K.S.A. § 66-1,128(a) states:

> (a) Except as provided in subsection (c) or pursuant to federal statutes, no certificate, permit, or license shall be issued by the commission to any public motor carrier of property, household goods or passengers or private motor carrier

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1246–47 (10th Cir. 2008).

[6] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1176 (10th Cir. 2007).

[7] *Iqbal*, 556 U.S. at 678–79.

of property, until the applicant has filed with the commission a liability insurance policy approved by the commission….[8]

The Kansas Supreme Court has held the statute allows a direct action against an insurer of a motor carrier operating in the State of Kansas under authority granted by the KCC.[9] But to allege liability against an insurer under K.S.A. § 66-1,128, the plaintiff "must allege filing and approval of the liability insurance policy with the KCC."[10]

Here, Hauserman's complaint fails to allege both the filing and approval of an insurance policy with the KCC. NCIC is only mentioned once in Hauserman's complaint. Paragraph five of the complaint alleges NCIC is an insurance carrier for AJ Freight and "at all material times there was in force a liability insurance policy" issued by NCIC to AJ Freight. The paragraph then alleges the policy covered AJ Freight's operations as a "common carrier on Kansas highways," and NCIC "is therefore liable under [K.S.A. § 66-1,128]."

Hauserman's allegations that NCIC is an insurance carrier for AJ Freight and issued an insurance policy for AJ Freight are factual, and considered true for the purpose of this motion. His allegation that NCIC is liable under K.S.A § 66-1,128, however, is a conclusory allegation, and as such, the Court will not consider it true for the purpose of this motion. Simply put, the complaint fails to allege either the filing of a policy with the KCC or the KCC's approval of an insurance policy. Consequently, the complaint fails to meet the conditions laid out by the

---

[8] K.S.A § 66-1,128.

[9] *Fitzgerald v. Thompson*, 167 Kan. 87, 204 P.2d 756, 758 (1949) (citing *Dunn v. Jones*, 143 Kan. 218, 53 P.2d 918 (1936)); *see also Dechand v. Ins. Co. of State of Pa.*, 732 F. Supp. 1120, 1122 (D. Kan. 1990).

[10] *Cooper v. Old Dominion Freight Line, Inc.*, 781 F. Supp. 2d 1177, 1185 (D. Kan. 2011) (citing *Fitzgerald*, 204 P.2d at 759).

Kansas Supreme Court to allege liability against an insurer under K.S.A § 66-1,128. Accordingly, the complaint fails to state a claim against NCIC upon which relief can be granted.

## IV.    Conclusion

Hauserman's complaint makes a conclusory allegation that NCIC is liable under the statute, but courts do not assume conclusory allegations as true as they do factual allegations when deciding a Rule 12(b)(6) motion. Even if this Court assumed all of Hauserman's facts were true, his complaint contains no allegations that could constitute a claim under which Hauserman could recover. Hauserman, therefore, has no basis to assert NCIC's liability under K.S.A. § 66-1,128. Accordingly, the Court grants the motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant National Continental Insurance's Motion to Dismiss (Doc. 11) is hereby **GRANTED.**

**IT IS SO ORDERED.**

Dated this 26th day of June, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE