IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT HAUSERMAN,

    Plaintiff,

    v.

AJ FREIGHT SYSTEMS INC.,
DDLOGISTICS, INC., and
CURTIS JOHNSON,

    Defendants.

Case No. 17-CV-1053-EFM-GLR

## MEMORANDUM AND ORDER

Plaintiff brings this suit against Defendants, alleging negligence, negligence per se, and vicarious liability claims arising from a workplace injury. This matter comes before the Court on Movants Wichita Eagle, Beacon Publishing Company, Inc. ("Beacon"), and Pheonix Insurance Company's Unopposed Motion to Intervene (ECF 17). Movants Wichita Eagle and Beacon were Plaintiffs' employers at the time of his injury. Movant Phoenix Insurance Company was the workers' compensation carrier for Wichita Eagle and Beacon. Movants claim that they have paid thousands of dollars to Plaintiff in workers compensation benefits, and that they may be liable for additional benefits in the future. Movants argue that pursuant to K.S.A. § 44-504, they have a right of subrogation and a lien against any recovery in this case to the extent of the workers compensation disability and medical benefits they have provided and may provide in the future to plaintiff. Accordingly, Defendants move to intervene in this case pursuant to Fed. R. Civ. P. 24(a)(2).

Rule 24(a)(2) provides the following:

> on timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[1]

The Tenth Circuit has explained that an applicant may intervene as a matter of right if "(1) the application to intervene is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interests may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties."[2]

The Court finds that Movants have met the requirements for intervention under Rule 24(a)(2). Movants' motion is timely, as it was filed before the scheduling conference has occurred. Movants claim an interest pursuant to their subrogation rights recognized under K.S.A. § 44-504, and this interest may be impaired or impeded by the outcome in this case. Finally, although Plaintiff's and Movants interests are currently aligned, Movants' interests may not be adequately represented by Plaintiff if these interests diverge. As Movants argue, Plaintiff's interests may diverge from Movants' with respect to allocation of any damages received through verdict or settlement, as there are some elements of damage that may not be subject to subrogation.[3] For these reasons, and because the motion is unopposed, the Court grants Movants' motion to intervene.

**IT IS THEREFORE ORDERED BY THE COURT** that Movants Wichita Eagle, Beacon Publishing Company, Inc., and Pheonix Insurance Company's Unopposed Motion to Intervene (ECF 17) is **granted**. Wichita Eagle, Beacon Publishing Company, Inc., and Pheonix Insurance Company shall be allowed to intervene as Plaintiffs in this matter pursuant to Fed. R.

---

[1] Fed. R. Civ. P. 24(a)(2).

[2] *Elliot Indus. Ltd. P'ship v. BP Amer. Prod. Co.*, 407 F.3d 1091, 1102–03 (10th Cir. 2005) (citations omitted).

[3] ECF 17 at 4; *see WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1200 (10th Cir. 2010) (citation omitted) ("The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy" the minimal burden of establishing a right to intervene).

Civ. P. 24(a)(2).  **Movants shall file with the Court their Complaint for Enforcement of Subrogation Lien, attached as Exhibit A to their motion, by no later than July 26, 2017.**

**IT IS SO ORDERED.**

Dated: July 19, 2017

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
